IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:15-MJ-1021-KS

| | |
|---|---|
| In re REQUEST BY SPAIN FOR ) | |
| THE EXTRADITION OF INOCENTE ) | **ORDER** |
| ORLANDO MONTANO MORALES ) | |

This matter is before the court on the Relator's Motion to Clarify the Evidentiary Rulings Regarding Relator's Exhibits [DE #75]. The government filed a response in opposition to Relator's motion, and the matter is ripe for ruling.

The motion presently before the court concerns forty-four exhibits offered by Relator in opposition to the government's request to extradite Relator from the United States to Spain. The United States objected to their admission, and the court took the matter under advisement at the extradition hearing. On February 5, 2016, the court entered a Certification of Extraditability & Order of Commitment in which Relator's motion to admit the exhibits was granted in part and denied in part. As the court explained, "[t]he rule of non-contradiction allows [a relator] to submit evidence that either explains evidence submitted by the government or completely obliterates probable cause." (Cert. Extraditability & Order Commitment [DE #73] at 17 (citations omitted).) The court determined that the exhibits were explanatory in part and contradictory in part and, therefore, admitted the exhibits "[t]o the limited extent the court relies upon facts contained in these exhibits, in whole or in part, . . . for the purpose of explaining evidence submitted by the government." (*Id.*) The court

otherwise did not consider Relator's exhibits, explaining that "[t]he remaining exhibits or parts thereof, although perhaps important for consideration by the Executive in the review of this matter, are excluded as contradictory and deemed insufficient to 'completely obliterate' probable cause." (*Id.*) Notwithstanding the court's determination that the exhibits were, in part, inadmissible, the court ordered that the proffered exhibits, in their entirety, be made part of the record for the purposes of further judicial proceedings or executive review. (*Id.* at 22-23.)

The court has carefully considered Relator's motion for clarification and has determined that its order certifying Relator's extraditability sufficiently states the basis for its ruling that Relator's exhibits are admissible in part and inadmissible in part. Accordingly, the court DENIES Relator's Motion to Clarify the Evidentiary Rulings Regarding Relator's Exhibits [DE #75].

This 18th day of May 2016.

*/s/ Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge